Philip Mauriello, Esq. (SBN 321227)
Arete Law A.P.C.
1511 Felspar Street, #3
San Diego, CA 92109
Telephone: (619) 693-6474
Email: phil@arete.law

Attorney for Plaintiff
STEPHEN NICHOLS

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| STEPHEN NICHOLS,<br><br>       Plaintiff,<br><br>   vs<br><br>THE HOME CARE PROVIDERS UNION,<br><br>       Defendant. | Case No. '19CV2012 L    KSC<br><br>**COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS** |
|---|---|

## INTRODUCTION

1. This is a civil rights action pursuant to 42 U.S.C. § 1983, based on Defendant's The Home Care Providers Union ("Defendant") past and ongoing deprivation of Plaintiff Stephen Nichol's ("Nichols") rights under the First Amendment to the United States Constitution, as set forth in *Janus v. AFSCME*, 138 S.Ct. 2448 (2018) ("*Janus*"). Specifically, Defendants have persisted in forcing Plaintiffs to pay compulsory union dues notwithstanding Plaintiff's attempted resignation from the Union and revocation of their authorization for dues deductions.

## JURISDICTION AND VENUE

2. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1343.

3. Venue is proper in the Southern District of California because a substantial portion of the events giving rise to the claims occurred in the Southern District 28 U.S.C. 1391(b)(2).

## PARTIES

4. Plaintiff is an in-home caregiver for his son. Plaintiff is, and has been, a public employee within the meaning of California Government Code § 3501(d) at all relevant times hereto. He resides in the city of Chula Vista in San Diego County.

5. Defendant, The Home Care Providers Union, is a union formed to represent in home care workers who work in the California In-Home Supportive Services, and has their main offices in San Diego County, California.

6. On information and belief, Plaintiff alleges that Defendant is their "recognized employee organization" as defined by California Government Code § 3501(b).

7. On information and belief, Plaintiff alleges that the Defendant is their exclusive bargaining representative.

8. Pursuant to California law, the Union collects dues and fees from all employees, *as a condition of their continued employment*, regardless of whether the employee chooses to be a member of the Union, and regardless of whether the employee has consented to pay the fees. California Government Code § 3502.5.

9. Union dues or fees are typically deducted automatically from the employee's paychecks in accordance with collective bargaining agreements that

## FACTUAL ALLEGATIONS

10. Nichols began working as an in-home care provider for his son in 2006.

11. Nichols recalls being approached by the Defendant and forced to join the Defendant's Union because of his employment as an in-home care giver. Based on his knowledge and belief, Nichols believes he became a member July 1, 2018.

12. If Nichols had a choice between paying union dues/fees or paying nothing, Nichols would have chosen to pay nothing.

13. Nichols states that he was never personally informed of his rights by a Union representative after the *Janus* decision came down from the Supreme Court.

14. Up until shortly after the *Janus* decision, Nichols chose not to be a member of the Union.

15. On or around March of 2019, Nichols mailed a resignation letter to the Defendant.

16. The Union responded with a letter on March 20, 2019 stating that Defendant will honor his resignation from the Defendant's Union but will not cease deduction of union dues from his paychecks because Nichols failed to resign within a specified time period outlined on his membership card.

17. Nichols continues pay dues to Defendant against his will.

18. The Defendant has deducted union dues from Nichol's paychecks since March 20, 2019 and has, on information and belief, remitted those dues to the

Union. The Union continues to deduct those dues, now approximately $21.80 per month, despite Nichol's requests that the deductions be stopped.

## CLAIMS FOR RELIEF

**A. First Claim: Violation of Free Speech and Association Clause of the First Amendment to the United States Constitution Under 42 U.S.C. 1983**

19. The allegations contained in all preceding paragraphs are incorporated herein by reference.

20. Nichols was pressured into becoming a member of the Defendant's Union prior to the *Janus* decision.

21. After the *Janus* decision was handed down, Nichols separately sent a resignation letter to the Defendant around March 2019, asking the Defendant to stop withholding union dues from his paychecks. This request was not granted.

22. Union membership and dues deduction authorization signed by Nichols under pressure cannot constitute affirmative consent to waive his First Amendment right not to pay union dues and join the Union.

23. Any consent that Nichols may have given to union dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or the forced payment of union agency fees without union membership. *Janus*, 138 S.Ct. at 2486.

24. If Nichols' choice had been between paying union dues or paying nothing, he would have chosen to pay nothing. But because the pressure exerted by the Defendant, Nichols' alleged consent, coupled with the false dichotomy given to them, was not "freely given" within the meaning of *Janus*, and was impermissible from the outset as a violation of their First Amendment rights.

25. Nichols has learned that the Defendant refuses to allow him to cease payment of union dues unless that request is made during an arbitrarily imposed window of time, while all along the Defendant continues to withdraw Nichols' union dues.

26. The arbitrarily imposed window of time when Nichols' may stop his Union membership dues, was drafted by the Defendant as a standardized term of the agreement which relegated to Nichols only the opportunity to "take-it or leave-it." Nichols has learned that his membership and dues agreement will automatically and indefinitely be renewed unless Nichols cancels them during an arbitrarily imposed window of time.

27. The arbitrarily imposed window of time when Nichols may prevent the automatic renewal of his Union membership and dues, was drafted by the Defendant as a standardized term of the agreement which relegated to Nichols only opportunity to "take-it or leave-it."

28. Nichols has First Amendment rights to free speech and freedom of association not to be compelled by their employer to pay any fees to a union unless an employee "affirmatively consents" to waive that right. *Janus*, 138 S.Ct. 2448 at 2486. Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

29. Nichols also has a First Amendment right of freedom of association not to be represented in collective bargaining negotiations by a group that they disagree with, unless Nichols' affirmatively consents. The First Amendment protects "[t]he right to eschew association for expressive purposes," *Janus*, 138 S.Ct. at 2463, and "[f]reedom of association…plainly presupposes a freedom not to associate." *Robert v. United States Jaycees*, 468 U.S. 609, 623 (1984)/

30. "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus*, 138 S.Ct. at 2463.

31. For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning…a law commanding 'involuntary affirmation' of objected-to-beliefs would require 'even more immediate and urgent grounds'

than a law demanding silence." *Janus*, 138 S.Ct. at 2464 (2018) (quoting *West Virginia Bd. Of Ed. v. Barnette*, 319 U.S. 624, 633 (1943)).

32. Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Knox v. SEIU*, 567 U.S. 298, 310 (quoting *Robert v. United States Jaycees*, 468 U.S. 609, 623 (1984))(internal quotation marks omitted).

33. In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus*, 138 S.Ct. at 2460.

34. California law expressly grants the unions the right to speak on Plaintiff's behalf on matters of serious public concern, including the wages, hours, and other conditions of employment of public employees like Plaintiffs. Cal Gov't Code § 3504. These topics are inherently political questions in the context of public sector unions. *Janus*, 138 S.Ct. 2473.

**B. Second Claim: Declaratory Relief**

35. The allegations contained in all preceding paragraphs are incorporated herein by reference.

36. Because Nichols was pressured into union membership, he could not have provided affirmative consent to join the union.

37. Any consent that Nichols may have given for Union dues collection, was not "freely given", because the consent was the result of improper pressure and was also given based on an unconstitutional choice between union membership

or the payment of union agency fees without the benefit of union membership. *Janus*, 138 S.Ct. 2448 at 2486.

38. If Nichols choice had been between paying union dues or paying nothing, he would have chosen to pay nothing. Therefore, Nichols' alleged consent, compelled by the false information and false dichotomy given to them, was not "freely given." *Id*.

39. 28 U.S.C. § 2201(a) allows a court of the United States, to declare the rights and other legal relations of interested parties.

40. Nichols is entitled to a declaration from this Court that his Union membership and union dues deductions after Nichols' have requested the Union cease, is a violation of the First Amendment.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Enjoin the Defendant to stop collecting dues from Plaintiff's paychecks;

2. Declare that deducting union dues after Plaintiff has requested that the Defendant stop, is a violation of the First Amendment to the U.S. Constitution;

3. Award monetary damages against the Defendant for all the union dues collected from Plaintiff during his employment. In the alternative, award monetary damages against the Defendant for all union dues collected from Plaintiff since the date of the *Janus* decision, June 27, 2018;

4. Award Plaintiff their costs and attorneys' fees under 42 U.S.C. § 1988;

5. Award Plaintiff any further relief to which they may be entitled and such other relief as this Court may deem just and proper; and

6. That this Court retain jurisdiction as necessary to enforce the Court's orders.

| | |
|---|---|
| Dated: October 18, 2019 | Respectfully submitted, |
| | /s/Philip Mauriello Jr. |
| | Philip Mauriello Jr. |
| | (CA Bar No. 321227) |
| | Arete Law A.P.C. |
| | phil@arete.law |
| | 1511 Felspar St. #3 |
| | San Diego, CA 92109 |
| | Telephone: (619) 693-6474 |
| | *Attorneys for the Plaintiff* |